IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  TANNER PRATER, )<br>(2)  JONATHAN PRATER )<br>         Plaintiffs, )<br> )<br>vs. )<br> )<br>(1) STRIKE, LLC, a foreign limited )<br> liability company )<br> )<br>         Defendant. ) | Case No. CIV-20-1132-J<br><br>Attorney Lien Claimed<br>JURY TRIAL DEMANDED |

## COMPLAINT

COME NOW the Plaintiffs, Tanner Prater and Jonathan Prater, by and through their attorneys of record, Daniel E. Smolen and Lauren G. Lambright, of SMOLEN & ROYTMAN, PLLC, and brings this action against the Defendant, Strike, LLC for violations of their constitutionally protected rights arising out of their employment by said Defendant.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of the United States of America and a resident of the State of Oklahoma.

2. Defendant, Strike, LLC, (hereinafter "Ideal Car Solutions"), is a foreign limited liability company with its principal place of business in The Woodlands, TX and that conducts regular business in Grady County, Oklahoma, which lies in the Western District of Oklahoma.

3. The Plaintiffs were employed by Defendant in Grady County, OK.

4. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000-

2 hereinafter ("Title VII"), providing for relief against sexual harassment in employment, retaliation and wrongful termination.

5.  Plaintiffs filed Charges of Discrimination against the Defendant with the Oklahoma Equal Employment Opportunity Commission complaining of sexual harassment, retaliation and termination due to Plaintiff Tanner Prater's refusal to partake in sexual advances and requests from her male coworkers and Plaintiff Jonathan Prater's association with Plaintiff and termination as a result. Notices of Right to Sue letters was received by the Plaintiffs and this Complaint has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, the Plaintiff has complied fully with all exhaustion prerequisites required under Title VII.

6.  Jurisdiction of the Court is proper under Title VII, 42 U.S.C. §2000e-5(f)(3). In addition, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (Civil Rights), and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

7.  Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

8.  Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

9.  Punitive damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

## FACTS COMMON TO ALL CLAIMS

10. Plaintiffs incorporate as if realleged Paragraphs 1-9.

11. Plaintiff Tanner Prater is a female. She and her husband, Jonathan Prater, were both employed by Defendant as skilled laborers in the oil field in Grady County, Oklahoma.

12.  Plaintiff Jonathan Prater first worked for Defendant from May 2017 through September 2017 and was laid off when the project he was assigned to came to an end.

Jonathan Prater was rehired for a new project in May 2019 in Grady County. He worked as a skilled laborer and an equipment operator. His father, Larry Prater, was also employed with Defendant working on the project in Grady County. In September 2019, Defendant hired Plaintiff Tanner Prater to work as a skilled laborer.

13. Plaintiffs were both assigned to work under the supervision of Kevin Alger, who was the foreman on the project.

14. From the time Plaintiff Tanner Prater began working for Defendant, she experienced sexual harassment from her male coworkers. Many of the employees for Defendant went by nicknames and as such, Mrs. Prater only knows of the individuals harassing her by said nicknames. One individual, who was responsible for the majority of the harassment, went by the name, "Slim."

15. Mrs. Prater was subjected to comments about her body, requests to have sex with "Slim" and a perverse and severe sexually hostile work environment that no reasonable person would be expected to endure. On one occasion, Mrs. Prater felt physically threatened as she was in a car with Slim and other male coworkers, including the straw boss, when he began asking when he'd be able to have sex with her and they all began commenting on Mrs. Prater's body. Mrs. Prater was fearful for her safety and felt trapped in the vehicle with her male coworkers. The straw boss did nothing to stop the sexual harassing behavior.

16. When Plaintiff Jonathan Prater learned of the sexual harassment, he complained to the straw boss and approached Slim to request he leave his wife alone.

17. Foreman Kevin Alger was made aware of the sexual harassment and complaints of the sexual harassment on October 7, 2019. That same day, October 7, 2019, Plaintiffs

3

Tanner and Jonathan Prater were both terminated from their employment. Larry Prater was also terminated from his employment as was his wife. The reason given to the Praters was that they caused too much drama. The Plaintiffs believe this reason was given in response to the complaint about the sexual harassment and Defendant's desire to protect its male coworkers committing said harassment.

18. Mrs. Prater believes she was sexually harassed and fired as a result of she and her husband complaining about the sexually hostile work environment.

19. Jonathan Prater believes he was fired as a result of his association with his wife, Tanner Prater, and his objection to the hostile work environment his wife was suffering in the work place.

### FIRST CLAIM FOR RELIEF BROUGHT BY PLAINTIFF TANNER PRATER: SEXUAL HARASSMENT/SEXUALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

20. Plaintiff, Tanner Prater, incorporates as if realleged Paragraphs 1-19.

21. By subjecting the Plaintiff to sexual harassment and severe and pervasive behavior on an almost daily basis, and by terminating the Plaintiff after receiving a complaint about the sexual harassment, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF BROUGHT BY TANNER AND JONATHAN PRATER:
## RETALIATION IN VIOLATION OF TITLE VII

22. Plaintiffs incorporates as if realleged Paragraphs 1-21.

23. By terminating the Plaintiffs' employment because they engaged in protected opposition to sexual harassment, Defendant has violated Title VII of the Civil Rights Act of 1964.

24. Additionally, by terminating Jonathan Prater's employment for his association with his wife, Tanner Prater, and his complaints about the sexual harassment against his wife, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiffs pray for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for their mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Their attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiffs pray that this Court grant them the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, compensatory damages, in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, punitive damages for Defendants' intentional acts, mental anguish, pain and suffering and other non-pecuniary loss, equitable relief reasonable attorney's fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,
SMOLEN & ROYTMAN

/s/Daniel E. Smolen
Daniel E. Smolen, OBA# 19943
Lauren G Lambright, OBA# 22300
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*